UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

PRASAD DNYAHOBA REWANWAR,
S.R., a minor, by his Next Best Friend,
Prasad Dnyanoba Rewanwar,
S.R., a minor, by his Next Best Friend,
Prasad Dnyanoba Rewanwar,

          Plaintiffs,

    v.                                Case No. 12-C-0110

WISCONSIN SUPREME COURT,
STATE OF WISCONSIN,
WAUKESHA COUNTY CIRCUIT COURT,
WISCONSIN COURT OF APPEALS,
JUDGE LINDA VAN DE WATER,
JUDGE MARK GUNDRUM,
ATTORNEY JODY USOW,
ATTORNEY SIDNEY SODOS,
ATTORNEY BARBARA BURBACH,
DR. ELLEN STERN,

          Defendants.

ORDER DENYING REQUEST FOR LEAVE TO APPEAL IN FORMA PAUPERIS
AND MOTION TO STAY

       Prasad Rewanwar brought nine civil actions in this court and was granted leave to proceed in forma pauperis after demonstrating he was unable to pay the filing fees. However, each of the cases was dismissed based on the Rooker-Feldman doctrine and, in one case, Younger abstention. The cases attacked a state court judgment by Waukesha Circuit Court Judge Linda Van De Water in Rewanwar's divorce and child custody matter and in one instance sought this court's intervention in a state-court criminal proceeding. Judgment was entered dismissing the nine actions, and Rewanwar has appealed the judgments in all (as well as the judgments in six actions dismissed by U.S. District Judge J.P. Stadtmueller).

Rewanwar seeks leave to appeal in forma pauperis to avoid paying the appellate filing fee of $455. In addition, he asks this court "to stay and revert the Waukesha County Cir. Court (Family) and stay . . . the proceedings in the criminal matter" (Mot. to Stay 1), to stay the judgments in the nine cases previously dismissed and Judge Stadtmueller's denial of in forma pauperis on appeal, and to "remov[e] and transfer . . . both Divorce and the ongoing Criminal Action with the State Cir. Court" (Motion to Stay 3). All requests will be denied.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

Under Fed. R. App. P. 24(a), a party granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis.

2

In dismissing Rewanwar's nine cases, this court determined that it lacked jurisdiction to consider them. The cases were devoid of any basis for being in federal court and Rewanwar was told so. Neither his request for leave to proceed in forma pauperis on appeal nor his motion to stay provides a reason to alter the earlier assessment of the cases. "In the ordinary case if the suit is frivolous the appeal from the dismissal of the suit will also be frivolous," and it is improper for the district judge to grant leave to proceed in forma pauperis on appeal. Tolefree v. Cudahy, 49 F.3d 1243, 1244 (7th Cir. 1995); see also Lee, 209 F.3d at 1026-27. Hence, no reasonable person could suppose this appeal to have any merit.

Regarding the motion to stay, Rewanwar again seeks this court's intervention and reversal of a state-court judgment and, in at least one case, interference with the state-court criminal case. As explained in the orders dismissing each of the nine cases, this court is not the place for Rewanwar to challenge the state court proceedings. Therefore, pursuant to 28 U.S.C. § 1915(a)(3) this court certifies that this appeal has not been taken in good faith. And for the reasons stated above,

IT IS ORDERED that plaintiff's request for in forma pauperis status on appeal and motion to stay are denied.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

3